Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6796 | **DATE** | 10/25/2010 |
| **CASE TITLE** | The Moorish Nat'l Republic vs. Circuit Court of Cook County et al | | |

**DOCKET ENTRY TEXT**

Because Plaintiffs seek to recover damages from a defendant who is immune, the Court denies their motion to proceed in forma pauperis [4] and dismisses this lawsuit in its entirety. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). Civil case terminated.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On October 21, 2010, pro se Plaintiffs the Moorish National Republic and Moorish Science Temple of America, *et al.*, filed the present Complaint against Judge Donald Havis of the Circuit Court of Cook County alleging violations of their constitutional and international rights. In addition, Plaintiffs seek to proceed in forma pauperis in lieu of paying the $350 filing fee. *See* 28 U.S.C. § 1915(a)(1).

Under 28 U.S.C. § 1915(e)(2), the Court must look beyond Plaintiffs' financial status and review their claims to determine whether the action they allege is frivolous or malicious, fails to state a claim on which relief may be granted, or if it is seeking damages from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Jones v. Bock,* 549 U.S. 199, 214, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (grounds for sua sponte dismissal of in forma pauperis cases set forth in 28 U.S.C. § 1915(e)(2)(B)). Here, Plaintiffs' Complaint fails because they seek to recover damages from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

10C6796 The Moorish Nat'l Republic vs. Circuit Court of Cook County et al        Page 1 of 2

Construing pro se Plaintiffs' allegations liberally, *see McGee v. Bartow,* 593 F.3d 556, 565-66 (7th Cir. 2010), Plaintiffs allege that they arrived approximately one hour before a scheduled 10:30 a.m. court hearing on October 13, 2010 at the Circuit Court of Cook County, Fifth District, located at 10220 South 76th Avenue in Bridgeview, Illinois. (R. 1-1, Compl. ¶ 1.) When Plaintiffs entered Circuit Court Judge Havis' courtroom, Judge Havis asked Plaintiff Sheik L. Love El his name three times and Sheik L. Love El replied that he was the authorized representative for Diana Love El, who was a defendant in a state court criminal action. (*Id.* ¶¶ 3, 5.) Thereafter, Judge Havis held Sheik L. Love El in contempt of court and ordered the Cook County Sheriff Deputies to seize Diane Love El and take her into custody. (*Id.* ¶ 7.) Sheik L. Love El then filed a complaint against Judge Davis at the Chief Judge's office. (*Id.* ¶ 8.) At Judge Havis' afternoon call, Sheik L. Love El alleges that Judge Havis used the opportunity to "show his wit and legal prowess and to attempt to intellectually challenge the plaintiff to a duel of matching wits." (*Id.* ¶ 22.) Plaintiffs seek $25 million in money damages.

It is well-established that "[a]bsolute judicial immunity shields judicial and quasi-judicial actors from liability for civil damages arising out of the performance of their judicial functions." *Killinger v. Johnson,* 389 F.3d 765, 770 (7th Cir. 2004). "Moreover, a judge will not be deprived of immunity even if the action was in error, was done maliciously, was in excess of his authority, and even if his exercise of authority is flawed by the commission of grave procedural errors."
*Brokaw v. Mercer County,* 235 F.3d 1000, 1015 (7th Cir. 2000) (citing *Stump v. Sparkman,* 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). Judicial immunity is overcome only if (1) an action is not taken in the judge's judicial capacity or (2) the judge does not have jurisdiction. *See Mireles v. Waco,* 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Here, Plaintiffs' allegations involve Judge Havis' actions done in his judicial capacity while he had jurisdiction over a criminal matter.

Because Judge Havis has absolute judicial immunity under the circumstances, Plaintiffs' allegations fail and the Court dismisses this lawsuit in its entirety. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).